IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTIAN LEFER and ALLISON LEFER,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES W. "JIM" MURRY, COMMISSIONER OF POLITICAL PRACTICES, STATE OF MONTANA,<br><br>Defendant. | CV 13-6-BLG-DWM<br><br><br>ORDER |

James W. Murry, Montana's Commissioner of Political Practices, moves to vacate a state district court order ostensibly requiring him to deposit personal property with the clerk of court in Park County. The question arises here because the case was removed from the state court to this court.

The allegations in the Complaint invoke the provisions of 42 U.S.C. § 1983. Consequently this Court has jurisdiction under the guise of 28 U.S.C. § 1331 and removal of the action was proper pursuant to 28 U.S.C. § 1441(b).

> After removal, the federal court takes the case up where the state court left it off. The federal court treats everything that occurred in state court as if it had taken place in federal court. Consequently, an order entered by a state court should be treated as though it had been

> validly entered in the federal proceeding. Federal rather
> than state law governs the future course of proceedings.

*Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (internal citations and quotations omitted).

The state court order to deposit personal property was entered pursuant to Montana Rule of Civil Procedure 67, which is identical in all pertinent respects to its federal counterpart. *Compare* Fed. R. Civ. P. 67 *with* Mont. R. Civ. P. 67. The Federal Rule states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, wither or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). The plain language of Rule 67, i.e., "may deposit," allows a party to voluntarily move the court to accept the deposit of funds or property; it does not contemplate use by a party to compel another to produce money or documents. *Guthartz v. Park Centre West Corp.*, 2008 WL 2949515 at *1 (S.D. Fla. 2008); *Rogath v. Siebenmann*, 941 F. Supp. 416, 425 (S.D.N.Y. 1996) (overruled on other grounds); *Qwest Corp. v. City of Portland*, 204 F.R.D. 468, 470 (D. Or. 2001) (overruled on other grounds).

The state court order now at issue cites Montana Rule of Civil Procedure 67 as authority for compelling a party to deposit property. This legal conclusion is

inapposite to the plain language of both the Montana Rule and the Federal Rule. The state court order is also contrary to interpretation of the Federal analogue to Montana Rule 67. The motion to vacate the state order issued under Rule 67, M. R. Civ. P., without notice, is granted.

The property at issue in this case and at which the order to deposit is directed are papers and other documents which were in possession of the Commissioner of Political Practices relating to Plaintiffs' consulting businesses and their respective clients. Since the issuance of the state court order, an employee of the Montana Commissioner of Political Practices delivered possession and control of the documents to a federal grand jury pursuant to a grand jury subpoena. Defendant argues compliance with the state order is no longer possible as he does not have the documents or control of them.

Plaintiffs claim the surrender of the subject property in response to the grand jury subpoena was in error. The argument undermines the idea of the rule of law and ignores the constitutional power and responsibility of the grand jury. *U.S. Const. amend. V*; *see generally*, 18 U.S.C. § 1826; 18 U.S.C. § 3331, 3332; Fed. R. Civ. P. 17. Defendant's compliance with a properly issued grand jury subpoena is unequivocal. "[A] grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." *United States v. R. Enterprises,*

*Inc.*, 498 U.S. 292, 301 (1991). The subpoena here is not directed at Plaintiffs. A noncompliant witness who disobeys a subpoena may be held in contempt. 18 U.S.C. § 1826 (refusal to comply can result in summary contempt); Fed. R. Crim. P. 17(g). Murry had no choice but to comply with the subpoena, and his actions are not grounds to compel him to abide with an order from the state court that has been mooted by the grand jury subpoena.

The argument that Murry's motion is improper because it is filed without leave of court is a stretch. Local Rule 7.3(a) requires a party to seek leave of Court before filing a motion for reconsideration of any interlocutory order. The genesis of the state order issued without a hearing, ex parte, puts the Rule 7.3(a) argument in context. The order was granted in state court without opportunity for Defendant to be heard. As Murry points out, "It filed its motion to vacate because it wasn't allowed to make an argument to the state district court, in violation of rudimentary concepts of due process and controlling procedural rules of the very court that issued the order". (Doc. 18 at 4). There is no violation of L. R. 7.3 in filing a motion to vacate the state district court's order that was improvidently granted.

Finally, Plaintiffs contend the Court has authority to require deposit of the subject property because impoundment is a proper remedy within the Court's power. The order at issue here is based on procedural rule, not the availability of a specific remedy. What remedy is available is a question for a later day.

Therefore, IT IS ORDERED that leave to file the motion to vacate the order to deposit and the motion (doc. 9) is GRANTED.

IT IS FURTHER ORDERED that the order to deposit issued in the removed state court action is hereby VACATED as improvidently granted.

DATED this 8th day of March, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT