IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRISTIAN LEFER and ALLISON LEFER,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES W. "JIM" MURRY, COMMISSIONER OF POLITICAL PRACTICES, STATE OF MONTANA and STATE OF MONTANA,<br><br>Defendants. | CV 13-06-BIL-DWM<br><br>ORDER |

Before the Court are Defendant State of Montana's Motion to Dismiss (doc. 16) and Plaintiffs' Motion to Remand (doc. 22).

I. **Motion to Dismiss**

Defendant State of Montana moves to dismiss Counts I-VI of Plaintiffs' First Amended Complaint. After the State's motion was filed, Plaintiffs filed a Second Amended Complaint within the time allotted by order of the Court. The State's arguments are considered in the context of the now-operative Second Amended Complaint, which limits Plaintiffs' claims against the State to declaratory judgment and return of personal property. This differs substantially

from the First Amended Complaint, where Plaintiffs alleged more claims against the State, including liability for state-law torts committed by Defendant Murry. The narrowing of claims for relief asserted by Plaintiffs in the Second Amended Complaint render many of the State's arguments in its Motion to Dismiss moot.

Furthermore, the Second Amended Complaint's statement of the parties is more complete than the First Amended Complaint. The First Amended Complaint alleged "Montana is the principal of Defendant Murry, and is responsible for the state-law torts he has committed while acting in the course and scope of his agency." The Second Amended Complaint explains that the inclusion of the State and its agents as Defendants is necessary to afford complete relief to Plaintiffs and that "to the extent Defendant Murry and Defendant State do not have a principle-agent [sic] legal relationship, at all times relevant to this action, they acted in concert." The latter is a more complete characterization of Plaintiffs' view of the relationship between the Defendants in this matter.

**A.    Declaratory Judgment and Montana Constitution Claims**

The State argues Counts I (Declaratory Judgment) and III (Montana Constitution) of the First Amended Complaint are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) because each fails to allege a plausible claim for relief.

As to Plaintiffs' declaratory judgment claim (stated in Count I of the First

Amended Complaint and Count I of the Second Amended Complaint), the State claims Plaintiff presents no allegation of wrongdoing by the State of Montana separate and distinct from the actions of the Commissioner of Political Practices. This defect is cured in the Second Amended Complaint, where Plaintiffs include the State in allegations of wrongdoing for which declaratory judgment is sought. Additionally, the State is included in allegations of wrongdoing common to all counts of the Second Amended Complaint. Plaintiffs' more complete statement of the parties stated at the outset of the Second Amended Complaint also cures this defect.

The State also asserts Plaintiffs' declaratory judgment claim is insufficiently pled because it states legal conclusions without supporting factual allegations. The State claims "[t]he plaintiff must provide factual allegations sufficient to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count I of the Second Amended Complaint does not present the type of "naked assertions devoid of further factual enhancement" the Supreme Court rejected in *Iqbal*. *Id*. Count I seeks declaratory judgment; it asserts the State and/or its agents have possession of the documents at issue or copies or reproductions of the documents at issue. This factual allegation based on information and belief is sufficient grounds on which to draw the inference that the State may be liable for

misconduct alleged by Plaintiff and for which declaratory relief is sought.

The State argues Plaintiffs' Montana constitution claims (stated in Count I of the First Amended Complaint and Count IV of the Second Amended Complaint) is also insufficiently plead under the *Iqbal* standard. Plaintiffs claim the State violated their rights under the Montana Constitution, Article II § 6 (freedom of assembly), § 10 (privacy), § 11 (freedom from unreasonable search and seizure), and § 17 (due process). Plaintiffs begin recitation of these claims by incorporating by reference allegations common to all counts, including allegations that the State and/or its agents retain the documents or copies of the same.

Federal Rule of Civil Procedure 8(a) requires a pleading that states a valid claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). On a party's motion to dismiss pursuant to Federal Rule 12(b)(6), a reviewing court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Commonly known as notice pleading, the standard for pleadings set by the Federal Rules dictates that, in order to be entitled to the presumption of truth, "a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

2011).

Plaintiffs' Montana constitution claims are sufficiently plead as to the State of Montana under this standard. Allegations common to all counts of the Second Amended Complaint present factual disputes as to the State's retention of the documents or copies of the same. Although limited, these facts give the State sufficient notice of the claim at issue and sufficient information to present a defense.

**B.    Federal Constitution Claim Under 42 U.S.C. § 1983**

The State argues Plaintiffs' federal constitution claims asserted under 42 U.S.C. § 1983 (stated in Count II of the First Amended Complaint and Count III of the Second Amended Complaint) are not properly asserted against the State of Montana. The State correctly recites the law on this point, that "a State is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). The Second Amended Complaint reframes Plaintiffs' § 1983 claim as against only Defendant Murry. Because the now-operative § 1983 claim does not implicate the State of Montana, the State's motion to dismiss this Count is moot.

**C.    Tort Claims**

The First Amended Complaint alleged state law tort claims in Count IV (intentional interference with business relations), Count V (negligent infliction of

emotional distress), and Count VI (intentional infliction of emotional distress). At the preliminary pretrial conference in this matter, Plaintiffs admitted they did not present these claims to the Montana Department of Administration as required by Mont. Code Ann. § 2-9-301(2). The State argues in its Motion to Dismiss that the Court lacks jurisdiction to hear these tort claims until and unless the Montana Department of Administration denies the claims.

Plaintiffs' tort claims are not re-alleged in the now-operative Second Amended Complaint. Therefore the State's motion to dismiss these Counts is moot.

## II. Motion to Remand

Plaintiffs move to remand this proceeding to the Montana Sixth Judicial District Court, arguing Defendant Murry's removal of the action fails because the state failed to join in the notice of removal. Defendants oppose remand. Remand is inappropriate as Plaintiffs' motion is without merit and is not timely.

Defendant Murry filed notice of removal in this action January 17, 2013, (doc. 1.), pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction before this Court is proper

pursuant to 28 U.S.C. § 1331 as the 42 U.S.C. § 1983 claim in this case arises under the laws of the United States. *See* 28 U.S.C. § 1331. All the other claims in this case are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[,]" therefore the Court may exercise supplemental jurisdiction over the claims not arising under federal law. *See* 28 U.S.C. § 1367. The "rule of unanimity" cited by Plaintiffs requires all defendants properly joined and served to join or consent to removal. 28 U.S.C. § 1446(b)(2).

Plaintiffs' motion to remand is without merit. Defendant Murry properly removed this action. Nonjoining defendants who have not been properly served cannot render removal defective. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). "'A party not served need not be joined' in a petition for removal." *Emrich v. Touche Ross*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (quoting *Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984)) *accord Mitchell v. Paws Up Ranch*, 597 F. Supp. 2d 1132, 1135 (D. Mont. 2009). The State of Montana was not formally served with a complaint or summons prior to removal and therefore its failure to join in or consent to the removal notice does not render removal defective.

Furthermore, Plaintiffs' motion to remand is barred as a matter of law as it is untimely. Where remand is sought on the basis of any defect other than lack of

subject matter jurisdiction, a party must present their objection within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). This 30 day limit has been applied by the Ninth Circuit Court of Appeals to this very situation, where remand is sought for removal allegedly defective for failure to join all defendants. *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002). Plaintiffs claim the time limit did not begin until later, when defect in removal arose, citing non-binding authority from the Middle District of Tennessee. In the face of a clear statutory command that a motion to remand must be made "within 30 days after the filing of the notice of removal," 28 U.S.C. § 1447(c), and binding Ninth Circuit authority applying this rule in identical circumstances, Plaintiffs' argument fails. Commissioner Murry removed this action on January 17, 2013. Plaintiffs did not move to remand until Marcy 12, 2013, over 50 days later. Therefore, even if Plaintiffs' objection to removal were to have merit, it is time-barred and therefore waived.

**III. Conclusion**

In accordance with the foregoing, IT IS ORDERED that Defendant State of Montana's Motion to Dismiss (doc. 16) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (doc. 22) is DENIED.

IT IS FURTHER ORDERED the motion hearing scheduled pursuant to the

Court's March 29, 2013 Order (doc. 31) is VACATED and RESET for Thursday, June 27, 2013 at 9:00 a.m. at the James F. Battin Federal Courthouse in Billings, Montana. The Court will hear argument on the following motions:

- Defendant Murry's Motion for Summary Judgment (doc. 38)
- Defendant State of Montana's Motion for Summary Judgment (doc. 43)

IT IS FURTHER ORDERED that discovery remains limited to only those issues presented by the pending motions. The Court will conduct a scheduling conference and address the parties' joint discovery plan (doc. 29), if necessary, after the motions hearing.

DATED this 14th day of May, 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT